UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN,

    Plaintiff,                      Case No. 12-cv-12936

v.                                  HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT OF
CORRECTIONS - HEALTH SERVICES, et al.,

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 33) **AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION** (docket no. 13) **AND TEMPORARY RESTRAINING ORDER** (docket no. 22)

This is a prisoner civil rights case. Plaintiff Aubrey Christian, proceeding pro se, contests the conditions of his detention at the Michigan Department of Corrections under 42 U.S.C. § 1983, alleging denial of medical care and cruel and unusual punishment. On November 16, 2012, Christian filed a motion for a preliminary injunction seeking to enjoin the Michigan Department of Corrections from transferring him to another correctional institution. ECF No. 13. On December 20, 2012, Christian filed a motion seeking a temporary restraining order that would require the Michigan Department of Corrections to send him to a pain management doctor to receive a treatment plan. ECF No. 22. The Court referred the motion to the Magistrate Judge. On January 28, 2013, the Magistrate Judge issued a Report and Recommendation ("Report"). ECF No. 33. In her report, the Magistrate Judge recommended that the Court deny both of Christian's motions.

The Magistrate Judge found that Sixth Circuit precedents made clear that, standing alone, the possibility or even existence of a prisoner's transfer to a different facility does not rise to the level of adverse action. There was no evidence to suggest that Christian

presented anything more than the speculation that a transfer may occur in the future, and no evidence a transfer would in any event constitute a Constitutional violation. Particularly in light of the federal courts' reluctance to scrutinize prisoner placement decisions, the Magistrate Judge concluded Christian's motion for a preliminary injunction should be denied. Report at 5-7.

The Magistrate Judge also found that Christian had not put forth a showing of a likelihood of success on the merits of his underlying Eighth Amendment claim necessary to support an injunction or restraining order. For example, at least one defendant made a showing that Christian failed to exhaust his administrative remedies which would negate his claim against that defendant. Report at 8. More importantly, the allegations did not, for the purposes of this order, appear to demonstrate Christian received constitutionally deficient medical care such that he could demonstrate the likelihood of success on the merits. The Magistrate Judge therefore concluded his motion for a temporary restraining order should be denied. Report at 10-12.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge’s findings is only required if the parties “serve and file specific written objections to the proposed findings and recommendations.” Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation “de novo if no objections are filed, it does not preclude further review by

the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither party filed objections to the Report, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and deny the motion for class certification.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (docket no. 33) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (docket no. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (docket no. 22) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 19, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 19, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

3