UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN #722265

    Plaintiff,

                                                     Case No. 12-12936

v.                                                 Honorable Stephen J. Murphy, III
                                                 Magistrate Judge Laurie J. Michelson

MICHIGAN DEPARTMENT OF
CORRECTIONS — HEALTH
SERVICES, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
FOR VOLUNTARY DISMISSAL [39]**

    This is a *pro se* prisoner civil rights action filed by Plaintiff Aubrey Christian ("Plaintiff") alleging that numerous health care providers at several Michigan Department of Corrections ("MDOC") facilities have violated his Eighth Amendment rights by denying him adequate medical care to treat the chronic muscle pain caused by his fibromyalgia. (Dkt 10, Am. Compl.) All pre-trial proceedings have been referred to this Court. (Dkt. 28.) On February 25, 2013 Plaintiff filed the present motion to voluntarily dismiss several "Doe Defendants" who have not been identified or served, and thus, have not appeared in this matter. (Dkt. 39.)

    For the reasons set forth below, this Court recommends that Plaintiff's Motion for Voluntary Dismissal be **GRANTED** and the Defendants identified in the Amended Complaint as John Doe

M.D. #1, John Doe M.D. #2, Jane Doe M.D. #1, Robert Jordan M.D., John Doe R.N., and Jane Doe Warden, be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff's 170-paragraph Amended Complaint presents a chronological three-year history of his appointments with numerous doctors, nurses, and physicians' assistants at four MDOC facilities, as well as the medical kites he submitted seeking additional appointments and pain medication. (Dkt. 10.)[1] Plaintiff alleges the same pattern of conduct at every facility: he advised the medical personnel that he suffered from fibromyalgia, they refused to document this diagnosis in his Institutional Medical File, and while they evaluated him and prescribed various pain medications, none of the medications were adequate to relieve his pain. (*Id.*)

The 16 Defendants named in the caption of Plaintiff's Amended Complaint include personnel from the three primary correction facilities (ARF, LRF, LCF) where Plaintiff has been treated. This includes several doctors, nurses and a warden that Plaintiff was either unable to identify by name or were misnamed. They are referenced in the Amended Complaint as John Doe M.D. #1, John Doe M.D. #2, Jane Doe M.D. #1, Robert Jordan M.D., John Doe R.N., and Jane Doe Warden. (Dkt. 10.) Plaintiff seeks to voluntarily dismiss these Defendants because (1) they have not been (properly) identified; (2) they have not been served; and (3) Plaintiff did not exhaust his administrative remedies as to them. (Mot. for Vol. Dismissal at 2-3.) Plaintiff believes that continuing to litigate against these Defendants "would do nothing in the future but waste this Court's

---

[1]Plaintiff resided at the following MDOC correctional facilities: (1) Charles E. Egler Reception and Guidance Center ("RGC") in August 2009; (2) Gus Harrison Correctional Facility ("ARF") from August 2009 until early February 2011; (3) Earnest C. Brooks Correctional Facility ("LRF") from February 10, 2011 until early January 2012; and (4) Lakeland Correctional Facility ("LCF") from January 2012 to the present. (Dkt, 10.)

time." (*Id*. at 3.)  None of the Defendants has filed an opposition to the motion.

## II.   ANALYSIS

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a).  The plaintiff may dismiss his action without a court order if he files a notice of dismissal before his opponent serves either an answer or a motion for summary judgment, or if all parties stipulate to dismissal. Fed. R. Civ. P. 41(a)(1).  As the "Doe Defendants" and Dr. Jordan have not answered, Plaintiff could have simply proceeded by filing a notice of dismissal.   But given Plaintiff's *pro se* prisoner status, the Court will recommend that the motion be granted and these Defendants be dismissed by court order pursuant to Fed. R. Civ. P. 41(a)(2).

The court may grant a request for voluntary dismissal "on terms that the court considers proper."  *Id.*   A request for dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *See Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994).  "The primary purpose of the rule in interposing the requirement of court approval is to protect the non-movant from unfair treatment."  *Id.*   Thus, an abuse of discretion is generally found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted).  In determining whether plain legal prejudice to the nonmoving party would result, the court typically considers the following factors: defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.  *Bridgeport Music, Inc.*, 583 F.3d at 953.

Here, the Doe Defendants and Dr. Jordan have not been correctly identified or served, and

thus, they have taken no action in this case. Plaintiff has diligently pursued the case and did not unduly delay in seeking their dismissal. The Court finds that the Doe Defendants and Dr. Robert Jordan would not suffer plain legal prejudice upon their voluntary dismissal without prejudice.

### IV.     CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that Plaintiff's Motion for Voluntary Dismissal be GRANTED and that John Doe M.D. #1, John Doe M.D. #2, Jane Doe M.D. #1, Robert Jordan M.D., John Doe R.N., and Jane Doe Warden, be dismissed without prejudice.

### V.     FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES MAGISTRATE JUDGE

Dated:  March 21, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 21, 2013.

                                           s/Jane Johnson
                                           Deputy Clerk