UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS - HEALTH SERVICES, et al.,

    Defendants.
_____/

Case No. 12-cv-12936

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION**
(document no. 35), **GRANTING DEFENDANT CONKLIN'S MOTION
TO DISMISS** (document no. 18), **AND GRANTING IN PART AND DENYING IN
PART DEFENDANT HEALTH SERVICES' MOTION TO DISMISS** (document no. 23)

This is a prisoner civil rights action. Plaintiff Aubrey Christian, proceeding pro se, contests the conditions of his detention at the Michigan Department of Corrections under 42 U.S.C. § 1983, alleging denial of medical care and cruel and unusual punishment. The Court referred all pre-trial proceedings to Magistrate Judge Michelson for resolution or recommendation. On December 20, 2012, defendant Jolane Conklin moved to dismiss the claims filed against her. On December 26, 2012, the Michigan Department of Corrections and several of its individual registered nurses filed a motion to dismiss, or for summary judgment, to dismiss the claims against them. On February 12, 2013, the Magistrate Judge issued a Report and Recommendation ("Report"). ECF No. 35. The Report suggested granting the motion with respect to Conklin and dismissing her from the case; but only granting in part the Michigan Department of Corrections' motion as to the state entity, and denying the motion in part with respect to the individual defendants. On February 25, 2013, the MDOC Defendants filed an objection to the Report, arguing the Magistrate Judge

misapplied the caselaw regarding whether Christian had exhausted his administrative remedies as to the individual defendants.

Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980) (holding 28 U.S.C. § 636 did not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, 09-14919, 2012 WL 1622897 (E.D. Mich. 2012). After examining the record and considering the MDOC Defendants' objections de novo, the Court concludes that the objections do not have merit. Accordingly, the Court will adopt the Report, grant Defendant Conklin's motion for summary judgment, and grant in part and deny in part the MDOC Defendants' motion for summary judgment.

## STANDARD OF REVIEW

Report and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). Here, the MDOC Defendants objected to one finding made by the Magistrate Judge as to the ALJ's decision. The remainder of the Report does not require de novo review.

2

As a preliminary matter, because both motions relied on affidavits outside the pleadings, the Report concluded they should be treated as motions for summary judgment. Report at 8 (citing *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 465 (6th Cir. 2010). The Court agrees the summary judgment standard should be used. Summary judgment is warranted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[ ] to particular parts of materials in the record" or "show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Public Schools*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## BACKGROUND

Plaintiff Aubrey Christian was incarcerated at several Michigan Department of Corrections facilities since his incarceration on August 17, 2009. He states he suffered from fibromyalgia prior to his incarceration, and was under the care of a pain-management specialist. Report at 2 (citing Am. Compl. at ¶ 28, ECF No. 22). Christian outlines a three-year history, since his incarceration, of appointments at four different MDOC facilities involving several doctors, nurses, and physicians' assistants, alleging roughly the same constitutional violation: that he has been denied fibromyalgia treatment sufficient to relieve his pain. *Id.*

The events at issue in the instant motion involve a grievance filed while Christian was incarcerated at the Earnest C. Brooks Correctional Facility. Christian filed grievance LRF-11-11-01-980-12F. Grievance, ECF No. 18-2. In Step 1, Christian noted he had sent more than 17 kites to "health services" attempting to resolve the issue he was having with his fibromyalgia related pain. He then referred to the "doctor" and the "P.A." and their actions with respect to his grievance. *Id.* The MDOC, the Report notes, did not reject Christian's grievance for a lack of specificity, but responded to the substance of the grievance and all subsequent appeals. The MDOC denied his grievances at both steps. *See* Russell Aff., ECF No. 18-2. Christian finally submitted a grievance to the Office of Legislative Corrections Ombudsman, who also denied his grievance.

On December 20, 2012, defendant Jolane Conklin moved to dismiss the case. Conklin Mot. to Dismiss, ECF No. 18. On December 26, 2012, the Michigan Department of Corrections Bureau of Health Care Services, and individual defendants registered nurses Jennifer Hatcher, Karen Rich, Brooke Cooper, Clair VanderVelden, and Tai Blake, (collectively "MDOC Defendants"; individual defendants "MDOC Nurses") moved for

4

summary judgment. MDOC Def's Mot. for Summ. J., ECF No. 23.

## DISCUSSION

I.  Defendant Conklin's Motion to Dismiss

In addressing Conklin's motion to dismiss, the Report first noted the general rule that a prisoner must exhaust his administrative remedies before seeking redress in the federal courts. Report at 9 (citing 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007)). After examining the record, the Report agreed with Conklin that it was "undisputed" that Christian exhausted only one grievance on November 10, 2011 — Grievance LRF 1111-01980-12F — and that Conklin had no involvement with Christian until March of 2012. *Id.* at 11. Although Christian argues that his discussion of Conklin with Ombudsman Analyst Howison in May of 2012 may constitute exhaustion, the Report notes that the MDOC Policy Directive does not include such complaints as part of the grievance process. *Id.* Accordingly, the Report concludes no reasonably jury could find Christian gave "fair notice" to Conklin, and that Christian failed to exhaust his administrative remedies with respect to her. The Report recommended that Conklin's motion should be granted. *Id.* at 12 (citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)).

Because neither party filed objections to the Report with respect to Defendant Conklin's motion, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and grant Defendant Conklin's motion to dismiss, and dismiss Conklin from the case.

II. Defendant MDOC's Motion for Summary Judgment

A.  Against the Bureau of Health Care Services

The Report first concludes that with respect to the Bureau of Health Care Services, the Eleventh Amendment bars the lawsuit against it as a state entity. *Id.* at 12 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Thus, the Report suggested granting the MDOC Defendants' motion in part with respect to the Bureau of Health Care Services and dismissing it from the action. Neither party filed objections to the Report with respect to this conclusion. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, the Court will adopt the Report's findings, grant this part of the MDOC Defendants' motion, and dismiss the Bureau of Health Care Services from the case.

B.  Against the Individual Registered Nurses Defendants

The Report also concluded that individual defendants Hatcher, Rich, Cooper, VanderVelden, and Blake (collectively "RN Defendants") did not meet their burden of showing that Christian had not exhausted his administrative remedies with respect to them. *See id.* at 10 (citing *Bock*, 549 U.S. at 216 (holding failure to exhaust was an affirmative defense, and thus a defendant had the burden of production and persuasion)). The Report conceded that Christian's grievance did not specifically include the names of any of the RN Defendants. The Report also noted that proper exhaustion of administrative remedies meant "using all steps that the agency holds out, and doing so properly," *id.* at 13 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and that the administrative remedies at the time required a grievance to include "[d]ates, times, places, and names of all those involved." *Id.* (citing MDOC Policy Directive 03.02.130, ECF No. 30).

But the Report also concluded that the legal exhaustion of administrative remedies

6

requirement was not absolute; MDOC grievance policy requirements may be "relaxed when the purpose of the grievance has been achieved." *Id.* at 14 (citing *Hall v. Raja*, No. 09-10933, 2010 U.S. Dist. LEXIS 77651 at *8-9 (E.D. Mich. 2010). The Report noted that *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), holds that even if a grievance fails to actually identify the persons involved in the grievance, when the MDOC itself considers the grievance on the merits, the courts would not themselves dismiss a case on procedural grounds. *Id.* at 325-26. The Report continued to note that *Hall* stood for the further proposition that as long as a grievance gives prison officials "fair notice" of the alleged misconduct forming the basis for a complaint, this was sufficient. Report at 14 (citing *Hall* at *7-8).

Here, although Christian only referred to the "health services" when discussing the involvement of the RN Defendants, the Report concluded that because Christian included a timeline of the kites he sent to health services in his grievance that more specifically identified each kite and its outcome, and because the MDOC appeared to resolve the grievances on the merits rather than rejecting them for failure to identify, the *Reed-Bey* exception applied and that Christian had submitted enough information to fulfill the "purpose" of the grievance. *Id.* at 15-16. The MDOC Defendants objected to the conclusion, putting forward two separate arguments, that the Court will renew de novo and discuss separately.

    1. <u>Whether "health services" is specific enough</u>

The MDOC Defendants first argue that the Report erred by concluding that Christian's citation of the "health services" in his grievance was sufficient to put the RN Defendants on specific notice. They cite *Sullivan-El v. Pramstaller*, No. 05-74919, 2007 U.S. Dist. LEXIS

7

67237, at *5-6 (E.D. Mich. Sept. 11, 2007), as an example of when a reference in a grievance to "health services at NRF" was insufficient to put the defendants on notice. They argue the Report misapplied *Reed-Bey*: that more recent precedent demonstrates that "health services" in general is simply too generic to put anyone on notice, and that *Reed-Bey* does not function as a "catch-all" exception to the specific identifier requirement. Objection at 5, ECF No. 38.

The Court agrees that *Reed-Bey* should not be read to provide a "catch-all" exception for prisoner grievances, but a careful examination of Christian's initial grievance reveals that he did not simply cite "health services" without any further detail. Rather, he stated health services had rejected 17 earlier kites, and then proceeded to list the kites. Although it does not appear any party attached the supplemental pages, the first listing clearly stated the date of the kite, and a specific recitation of the issue complained of. *See* LRF 1111-01980-12F, ECF No. 18-2 at 16. Although the grievance did not identify the doctor or physician's assistant by name, it was precise enough to permit the MDOC to identify them; likewise, here, Christian's general referral to "health services" *in combination with* his specific recitations of the date and subject of each of the kites sent to them is sufficient to identify the target of the grievance, the RN Defendants. *Compare McPherson v. Caruso*, 2:09-CV-11766, 2010 WL 846856 (E.D. Mich. Mar. 5, 2010) (dismissing for failure to exhaust when grievance clearly named only a single individual without even implicit references to other officials or actors).

2. Whether MDOC waived grievance requirements

The MDOC Defendants separately submit that the Report erred by concluding that the MDOC had "waived" grievance requirements with respect to that specific grievance

8

regarding the RN Defendants when it responded on the merits. The MDOC Defendants argue that because Christian's grievance did not identify any of the RN Defendants or their conduct, the MDOC could not have waived the requirements with respect to them, and that the *Reed-Bey* exception did not apply.

"[W]hen the prison elects to address a grievance on the merits rather than invoke a procedural bar to the grievance, the prisoner has exhausted his claim." *Allen v. Shawney*, 11-CV-10942, 2013 WL 2480658 (E.D. Mich. June 10, 2013) (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 323 (6th Cir. 2010). Here, an examination of the grievance appeal record demonstrates that, contrary to the objection's assertions, the MDOC did address the "health services" part of Christian's complaint. For example, Grievance Step II identifies as part of the review the "nursing visit" on September 15, 2011, predating both Christian's transfer to a different facility and Christian's consultation with the Regional Medical Officer. The Grievance Step II also notes that Christian was prescribed Naproxen at that time. Grievance Step II, ECF No. 18-2, at 14. And Grievance Step III states it has reviewed "all relevant information," which does not exclude the health services RN Defendants' activities. Grievance Step III, ECF No. 18-2, at 13. Finally, the record does not indicate anywhere that the MDOC chose to reject any "health services" based medical care grievances as procedurally barred. The Court concludes that a reasonable jury could find that the MDOC considered Christian's interactions with the RN Defendants in the appeals procedure, and, therefore, waived any procedural objections based on a failure to specifically identify. *Compare Vandiver v. Vasbinder*, 08-CV-10508, 2012 WL 4358192 (E.D. Mich. June 21, 2012) (no evidence from grievances that the unnamed defendant was implicated in any way the actions at hand). Accordingly, the Court will deny the RN

9

Defendants' motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 35) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Conklin's Motion to Dismiss (document no. 18) is **GRANTED**. Conklin is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Defendant MDOC's Motion for Summary Judgment (document no. 23) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Bureau of Health Care Services is **DISMISSED** from this case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager