UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN #722265

    Plaintiff,

                                Case No. 12-12936

v.                                       Honorable Stephen J. Murphy, III
                                Magistrate Judge Laurie J. Michelson

MICHIGAN DEPARTMENT OF
CORRECTIONS — HEALTH
SERVICES, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION TO GRANT
### DEFENDANT LYNN VAN AUSDALE'S MOTION TO DISMISS [56]
### AND ORDER ON PLAINTIFF'S MOTION TO EXTEND TIME [91]
### AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [94]

This is a *pro se* prisoner civil rights action filed by Plaintiff Aubrey Christian alleging that numerous health care providers at several Michigan Department of Corrections ("MDOC") facilities violated his Eighth Amendment rights by denying him adequate medical care to treat the chronic muscle pain caused by his fibromyalgia. (Dkt 10, Am. Compl.) All pretrial proceedings have been referred to this Court. (Dkt. 28.) Presently before the Court is Defendant Lynn Van Ausdale's Motion to Dismiss (Dkt. 56) the Amended Complaint[1] for failure to state a claim and as barred by Eleventh Amendment qualified immunity. Having carefully reviewed the relevant pleadings and

---

[1] Christian was granted permission to file a Second Amended Complaint by December 9, 2013. (Dkt. 87.) On December 9, he filed a motion to extend that deadline (Dkt. 87), and on December 23, he filed a Motion for Leave to File an Amended Complaint Pursuant to Amended Scheduling Order (Dkt. 94). The Court grants those motions below. But at the hearing before this Court on November 7, 2013, Plaintiff informed the Court that the Second Amended Complaint would not contain new substantive allegations. Accordingly, the Court will not require Van Ausdale to file a new motion to dismiss.

briefing, the Court RECOMMENDS that Van Ausdale's motion be GRANTED and the Amended Complaint be DISMISSED as to Van Ausdale.

**I.      BACKGROUND**

The following factual allegations are taken from the Amended Complaint and are assumed true for the purpose of deciding this motion.

Christian suffers from fibromyalgia, which causes chronic, widespread muscle pain. (Am. Compl. at ¶ 28.) He was incarcerated at Gus Harrison Correctional Facility ("ARF") from August 2009 to February 2011. (Am. Compl. at ¶¶ 33, 55.) Van Ausdale was a registered nurse employed by MDOC at ARF. (Am. Compl. at ¶ 18.)

While at ARF, Christian was prescribed Naprocyn and Elavil for back and muscle pain. (Am. Compl. ¶¶ 39, 41.) He submitted multiple Health Care Request forms stating that those medications were ineffective at stopping his pain. (*See* Am. Compl. at ¶¶ 40, 42.) On January 15, 2011, Christian submitted a Health Care Request form to Prison Health Services, stating that he could no longer take the pain associated with fibromyalgia and he would like to know the steps that would have to be taken to get into Pain Management. (Am. Compl. at ¶ 43.) Nothing further was done to treat Christian's fibromyalgia and he was left in pain until five days later, on January 20, 2011, when Van Ausdale responded that Christian should discuss getting into Pain Management for his fibromyalgia at his next Chronic Care appointment with John Doe M.D. #2. (Am. Compl. at  ¶ 44.)

Christian submitted another Health Care Request form to Prison Health Services immediately, on January 20, 2011, stating that his next Chronic Care appointment with John Doe M.D. #2 was months away and he could not take the pain associated with his fibromyalgia. (Am. Compl. at ¶ 48.) He requested that an appointment be scheduled with John Doe M.D. #2 to discuss getting treatment for his fibromyalgia. (*Id.*) That same day, Van Ausdale responded that Christian

2

was scheduled to see John Doe M.D. #2 on or about January 24, 2011. (Am. Compl. at ¶ 49.) About four days later, on or about January 24, 2011, Christian had a Health Care appointment with John Doe M.D. #2, at which he discussed the possibility of getting into Pain Management for his fibromyalgia. (Am. Compl. ¶ 50.)

The Amended Complaint makes no other allegations regarding Van Ausdale.

## II. ANALYSIS

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When applying these standards to a complaint drafted by a *pro se* plaintiff, a court must be mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "the administration of justice is not wellserved by the filing of premature, hastily drawn complaints," and even a *pro se*

3

litigant "must conduct enough investigation to draft pleadings that meet the requirements of federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 & n.13 (1984). Even "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Christian's Amended Complaint, liberally construed, fails to state a claim for violation of his Eighth Amendment rights. The Eighth Amendment prohibits any punishment that violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). A prisoner has adequately stated a cause of action for violation of the Eighth Amendment "when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976)). Such claims have both an objective and a subjective component. *Id.* at 648. In order to satisfy the objective component, the prisoner must show that the medical need is "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires the plaintiff to demonstrate that the prison officials acted with "deliberate indifference." *Id*. Deliberate indifference is the reckless disregard of a substantial risk of serious harm. *Id.* (citing *Farmer*, 511 U.S. at 836-37). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman v. Corrections Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle*, 429 U.S. at 106).

Van Ausdale argues that Christian "failed to establish a violation of the Eighth Amendment where it is clear that Plaintiff's request for medical services was acted upon and he was examined by Healthcare personnel." (Dkt. 56, Mot. at 3.) Assuming for the limited purpose of the motion that

4

Christian's fibromyalgia is "sufficiently serious," Van Ausdale continues, "there is no Eighth Amendment violation because Christian has failed to satisfy the subjective component, 'deliberate indifference' to those symptoms." (Mot. at 5.) The Court agrees.

According to the Amended Complaint, Van Ausdale was aware that Christian said he "could not take the pain," and that he "would like to know the steps that would have to be taken" to be treated. (Am. Compl. at ¶ 43.) Despite this knowledge, she did not respond to his request for five days, at which time she merely informed him that he could discuss his options at his next appointment. (Am. Compl. at ¶ 44.) Notably, Christian alleges that he had already been prescribed Naprocyn and Elavil. (Am. Compl. at ¶¶ 39, 41.) Although he says that these medications were "ineffective at *stopping* the back pain and muscle pain," (Am. Compl. at ¶ 42, emphasis added), it would be reasonable to assume they provided at least some relief. Van Ausdale was then made aware that Christian could not wait "months" for his appointment and would like "to discuss getting treatment" sooner. (Am. Compl. ¶ 48.) She responded immediately, and, far from it being months, Christian saw a doctor to discuss treatment within four days. (Am. Compl. ¶¶ 48-50.)

Based on these allegations, Christian does not state a claim against Van Ausdale for deliberate indifference. The Sixth Circuit has explained that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5 (emphasis added); *see also Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Although in some cases a claim of inadequate medical treatment may state a constitutional claim, such claims are generally limited to situations where "the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.'" *Clark v. Corrections Corp. of Am.*, 98 F. App'x 413, 416 (6th Cir. 2004). It was not "woefully inadequate" for a nurse to assume

5

that a prisoner could wait a few months to see a doctor when all he requests is "to know the steps that would have to be taken," or that he can wait four days for a doctor when all he says is that he cannot wait "months" to "discuss getting treatment." *See Palacio v. Hofbauer*, 106 F. App'x 1002, 1005 (6th Cir. 2004) (affirming dismissal for failure to state an Eighth Amendment claim where prisoner received an examination and treatment by a doctor less than a month after his initial health care request); *Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003) (holding that "[t]he fact that Loukas suffered some discomfort before he received the pain medication on December 24 is not sufficient to state an Eighth Amendment claim," where prisoner was not immediately treated for a broken ankle sustained on December 1).

Christian argues in response to the motion that the January 15, 2011 Health Care Request form he submitted to Prison Health Services was marked "urgent," and therefore Van Ausdale violated an MDOC Policy Directive that provides: "for conditions that could be urgent, schedule the prisoner to be seen by an appropriate [Qualified Health Professional] no later than the next business day." (*See* Dkt. 58, Resp. at 13; MDOC Policy Directive 03.04.100(MM)(2) (Dec. 16, 2010), *available at* http://www.michigan.gov/corrections/0,1607,7-119-1441_44369---,00.html.)[2] This Policy Directive merely explains how prisoner requests for routine health care services are to be handled. *Id.* Failure to comply with such a directive does not rise to the level of a constitutional violation because it does not create a protectible liberty interest, but merely establishes a procedure to be followed. *See McVeigh v. Bartlett*, 52 F.3d 325 (6th Cir. 1995) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463 (1989); *Hewitt v. Helms*, 459 U.S. 460, 474 (1983)).

---

[2] Matters of public record, such as prison regulations, may be considered on a motion to dismiss. *See, e.g.*, *Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008) ("While our analysis primarily focuses on the complaint, 'matters of public record . . . may be taken into account.'") (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Christian also argues that "it is unclear if Defendant Lynn Van Ausdale, R.N. was personally involved in" other allegations of the Amended Complaint regarding health care Christian requested or received while at ARF, and he has requested and been denied discovery that would enable him to identify the individuals involved in those allegations. (Resp. at 28.) Therefore, he argues, Van Ausdale's Motion to Dismiss should not be considered until after that discovery is provided. (*Id.* at 28-29.) Federal Rule of Civil Procedure 8 requires that a plaintiff attribute factual allegations to particular defendants. Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). A complaint that does not allege that the defendant was personally involved in the alleged deprivation of federal rights is subject to dismissal. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). Christian cannot maintain an action against Van Ausdale on the mere possibility that discovery will uncover her involvement in constitutional violations.

Van Ausdale also seeks dismissal on the grounds that she is entitled to qualified immunity under the Eleventh Amendment. (Mot. at 8-12.) Qualified immunity shields state officials sued in their individual capacity from liability for their reasonable discretionary acts. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Moldowan v. City of Warren*, 578 F.3d 351, 396 (6th Cir. 2009). In deciding whether an official is entitled to qualified immunity, a court asks two questions, in any order: (1) whether the plaintiff has shown that the official violated his constitutional rights, and (2) whether those rights were "clearly established" at the time the official acted. *Pearson*, 555 U.S. at 232, 236. The Court has already concluded that Christian has not stated a claim that Van Ausdale violated the Eighth Amendment and thus it is not necessary to discuss whether the right was clearly established.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that Van Ausdale's motion be **GRANTED** and the Amended Complaint be **DISMISSED** as to Van Ausdale.

### ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME [91] AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [94]

On November 7, 2013, at a hearing before this Court, Plaintiff agreed that he would sign a release for his medical records and Defendants agreed that upon getting access to those records, they would immediately provide Plaintiff with the names of the remaining John and Jane Doe defendants, as well as make the records available to Plaintiff for review and copying. Accordingly, the Court ordered Plaintiff to file a Second Amended complaint and identify the correct name, title, and address of the remaining John and Jane Doe Defendants by December 9, 2013. (Dkt. 87.) Plaintiff has now filed a Motion for Extension of Time on Amended Scheduling Order (Dkt. 91) and Motion for Leave to File an Amended Complaint Pursuant to Amended Scheduling Order (Dkt. 94) stating that Defendants did not identify the John and Jane Doe Defendants and did not give Plaintiff access to the medical records until December 11. (Dkt. 91 at ¶¶ 11, 12; Dkt. 94 at PgID 1619.) Accordingly, Plaintiff's Motion for Extension of Time on Amended Scheduling Order (Dkt. 91) and Motion for Leave to File an Amended Complaint Pursuant to Amended Scheduling Order (Dkt. 94) are **GRANTED**.

### IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States*

*v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

As to the Order on Plaintiff's Motion for Extension of Time and and Motion for Leave to File an Amended Complaint, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: January 3, 2014                     s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 3, 2014.

                                           s/Jane Johnson
                                           Deputy Clerk