UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY CHRISTIAN,

    Plaintiff,

Case No. 12-cv-12936

v.

HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT OF
CORRECTIONS — HEALTH SERVICES,
et al.,

    Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT
AND RECOMMENDATION** (document no. 97), **AND GRANTING
DEFENDANT VANAUSDALE'S MOTION TO DISMISS** (document no. 56)

    This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Aubrey Christian, proceeding pro se, contests the conditions of his detention as administered by the Michigan Department of Corrections and alleges denial of medical care and cruel and unusual punishment. The Court referred all pre-trial proceedings to a U.S. Magistrate Judge for resolution or recommendation. On July 17, 2013, defendant Lynn VanAusdale moved to dismiss the claims filed against her. On January 3, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court grant VanAusdale's motion and dismiss her from the case. Report, ECF No. 97. Christian filed several objections to the report. Objection, ECF No. 98.

    Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 does not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 1622897 (E.D. Mich. 2012). After examining the pleadings and the record,

and considering Christian's objections de novo, the Court concludes that the objections do not have merit. Accordingly, the Court will adopt the Report and, with the additional reasons below, grant Defendant VanAusdale's motion to dismiss.

## BACKGROUND

Plaintiff Aubrey Christian has been incarcerated at several different Michigan Department of Corrections ("MDOC") facilities since his incarceration on August 17, 2009. He states that he suffered from fibromyalgia prior to his convictions, and was under the care of a pain-management specialist. Am. Compl. ¶ 28, ECF No. 22. Christian has outlined a three-year history of appointments at four different MDOC facilities since his incarceration involving several doctors, nurses, and physicians' assistants, alleging roughly the same constitutional violation against all the defendants: that he had been denied treatment sufficient to relieve his fibromyalgia-caused pain. *See id.*

The instant motion involves events that occurred while Christian was incarcerated at the Gus Harrison Correctional Facility from August 2009 to February 2011. During this time, Christian was prescribed Naprosyn and Elavil for his pain. Report at 2. (citing Am. Compl. ¶¶ 39, 41). Christian alleges the medications were unsuccessful in relieving his pain. On January 15, 2011, after he was prescribed Naprosyn and Elavil, Christian submitted a Health Care Request form to Prison Health Services, stating he could no longer "take the pain" and requesting to know what steps were necessary to improve his treatment. *Id.* Christian marked his form as "urgent." *Id.* at 6 (citing Pl's Resp. to VanAusdale Mot. to Dismiss, ECF No. 58). No immediate action or response was taken or made to the form.

Five days later, on January 20, 2011, defendant VanAusdale, at the time a Registered Nurse employed at the facility, responded to Christian and stated that he should discuss

his pain management program at his next Chronic Care appointment with a physician. *Id.* at 2 (citing Am. Compl. ¶ 44). The same day, Christian submitted a second Health Care Request form, stating his next Chronic Care appointment would not be for several months and requesting more immediate treatment. *Id.* (citing Am. Compl. ¶ 48). VanAusdale responded to the second form on the same day, and informed Christian he had an appointment with a prison doctor (identified only as John Doe M.D. #2) on or about January 24, 2011. Christian subsequently met with the doctor. Christian does not allege any further interactions with VanAusdale.

VanAusdale moved to dismiss the complaint against her on July 17, 2013. Christian filed his response on August 2, 2013. Subsequently, but before resolution of VanAusdale's motion to dismiss, Christian moved for leave to file a Second Amended Complaint. After a hearing, the magistrate judge granted Christian's motion on November 7, 2013. Order Granting Motion for Leave to File, ECF No. 87. At the hearing, it appears Christian informed the magistrate judge that his Second Amended Complaint would contain no new substantive allegations. The magistrate judge thus chose not to require VanAusdale to file a new or supplemental motion to dismiss. Report at 1 n.1. Christian filed his Second Amended Complaint on December 23, 2013. The Report issued on January 3, 2014.

## STANDARD OF REVIEW

Report and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he

3

is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). Here, Christian filed nine objections to the findings made by the magistrate judge. The remainder of the Report does not require de novo review.

The Court may only grant a Civil Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient to raise a right to relief above the speculative level, and to state a claim for relief that is plausible on its face." *Henley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (internal citation and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). Moreover, it must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

VanAusdale moved to dismiss Christian's complaint against her for failing to state a claim on which relief could be granted or, in the alternative, on Eleventh Amendment and qualified immunity grounds. Because Christian's Second Amended Complaint was to contain no new substantive allegations, the Report examined Christian's First Amended Complaint and concluded that Christian did not allege claims under the Eighth Amendment

against VanAusdale. Report at 4. The Report first recited the standard that, to make an Eighth Amendment conditions of confinement claim, a plaintiff must show "that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Id.* (quoting *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009)). The claim has an objective component — a medical need must be "sufficiently serious" — and a subjective component — the prison officials must act with at least "deliberate indifference." *Id.* Deliberate indifference is more than "[m]ere negligence or malpractice." *Id.* (quoting *Bowman v. Corrections Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003)).

Based on Christian's allegations, the Report concluded that even if his allegations regarding VanAusdale's conduct were true, he did not state a claim for deliberate indifference against VanAusdale. While VanAusdale may not have responded to Christian's first request for five days, and when she did she only suggested he discuss revising his pain management program at a future doctor's appointment, or responded to his second request only by scheduling a doctor's appointment several days in the future, her actions do not constitute deliberate indifference. Crucially, Christian was already on a pain management plan, and was actively taking two separate pain medications. Thus, the Report concluded that VanAusdale's actions, in light of these facts, were properly considered to be a difference in the best possible action or treatment for Christian at the time. And "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Report at

5

5 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); also citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The Report concluded it was not inadequate treatment, defined as "so woefully inadequate" to be "no treatment whatsoever," for VanAusdale to conclude Christian could wait a few days or weeks to discuss pain management at an upcoming scheduled visit. Report at 5-6 (citing *Palacio v. Hofbauer*, 106 F. App'x 1002, 1005 (6th Cir. 2004); *Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003)).

The Report next discussed Christian's allegations that, because he marked his form as "urgent," and VanAusdale did not respond by scheduling an appointment for him the next day, VanAusdale violated MDOC Policy Directive 03.04.100.[1] Even if true, the Report concluded this did not state a claim because failure to comply with prison policy directives alone is not a constitutional violation. Policy directives do "not create a protectable liberty interest, but merely establish[] a procedure to be followed." *Id.* at 6 (citing *McVeigh v. Bartlett*, 52 F.3d 325 (6th Cir. 1995)).

The Report next considered Christian's allegation that VanAusdale may have been personally involved in other aspects of Christian's health care, or lack thereof, at the Gus Harrison facility, and Christian's request that VanAusdale should not be dismissed until the close of discovery. The Report concluded that Christian could not maintain an action "on the mere possibility" that VanAusdale may or may not have been involved in some unknown claim. *Id.* at 7 (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)).

---

[1] The directive states requests for health care should be responded to as follows: "For conditions which could be urgent, schedule the prisoner to be seen by an appropriate [qualified health professional] no later than the next business day." Report at 6 (quoting MDOC Policy Directive 03.04.100(MM)(2), *available at* http://www.michigan.gov/documents/corrections/03_04_100_342178_7.pdf).

6

Finally, the Report noted it did not need to address whether VanAusdale was entitled to Eleventh Amendment or qualified immunity, and suggested granting VanAusdale's motion to dismiss and dismissing her from the action. *Id.*

I.    Christian's Objections

Christian made the following nine objections to the Report.[2]

A.    Standard of Motion to Dismiss

In his first objection, Christian argues that since the filing of the case, he has obtained evidence through discovery to prove the allegations in his complaint. He argues that the Report erred in failing to consider the evidence. Objection at 5-6.[3] The magistrate judge did not err, though, because the Report correctly applied the standards for considering a motion to dismiss. When considering such a motion, a court takes all of a plaintiff's allegations as true, and therefore does not need to consider supporting evidence. *Bishop*, 520 F.3d at 519. In fact, Christian could not have had any exhibits or evidence reviewed at the motion to dismiss stage because a "district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Thus, it does not matter whether or not Christian has discovery evidence to support his allegations. The Report correctly presumed Christian's factual

---

[2] Parties ordinarily cannot raise objections to issues that were not first raised before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[P]arties [should not] raise at the district court stage new arguments or issues that were not presented to the magistrate") (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). But to the extent any of Christian's complaints are questions of first impression, the Court, considering the unique procedural posture of this case regarding the Second Amended Complaint, will consider the objections.

[3] Christian also appears to argue that his discovery evidence entitles him to a jury trial to weigh the evidence, but the Magistrate Judge clearly employed the correct standard of review, and properly did not consider evidence, in assessing the motion to dismiss.

7

allegations were true in the first place, and concluded that, even so, Christian did not state a claim for relief. The Court will overrule this objection.

### B. Failing to Require VanAusdale to File a New Motion

VanAusdale first filed her motion to dismiss based on the facts and claims alleged in Christian's First Amended Complaint. As discussed above, Christian was granted leave to file his Second Amended Complaint, and the magistrate judge did not require VanAusdale to file a renewed or supplemental motion to dismiss. Christian argues the magistrate judge erred by not requiring further motions, and claims that the Second Amended Complaint raises new factual allegations against VanAusdale that require a renewed motion to dismiss. Objection at 9.

The Report notes that Christian was granted leave to file his Second Amended Complaint in part because it would contain no new substantive allegations. Report at 1 n.1. An examination of the Second Amended Complaint shows that, although Christian clarified and expanded upon his factual allegations against VanAusdale, he did not add any new causes of action. The Report notes that because no substantive allegations were to be added, the magistrate judge chose not to require a new motion to dismiss from VanAusdale. *Id.*

The magistrate judge did not err by failing to require VanAusdale to renew the motion to dismiss. If the arguments made in a motion to dismiss are applicable to a subsequent amended complaint, as well as to the previous complaint, a new motion to dismiss would serve no additional purpose. There is no precedent to suggest that if an amended complaint is filed, a party must be required to file a renewed motion to dismiss, particularly if the amended motion does not add parties or causes of actions. *See* 6 Wright, Miller, &

Kane, Federal Practice and Procedure § 1476, at 642 (3d ed. 2005) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

But Christian correctly points out his Second Amended Complaint does include more detailed factual allegations against VanAusdale. For example, he notes the Second Amended Complaint reflects that his Health Care Request form was marked urgent, whereas the prior complaint did not. And the Magistrate Judge did consider the factual allegation, and still concluded Christian had not stated a claim. Although the Court will discuss additional details in greater depth below, a careful examination of the Second Amended Complaint shows that the Report's conclusions remain valid when applied to the Second Amended Complaint's more detailed factual allegations. Thus, because VanAusdale's arguments in her motion to dismiss may be applied to the Second Amended Complaint and result in the same outcome, the magistrate judge correctly concluded it was under no obligation to require a renewed motion to dismiss. The Court will overrule this objection.

C. <u>Deliberate Indifference in Treatment Delays</u>

Christian's principal objection is that the Report misapplied the relevant Eighth Amendment law when it concluded that VanAusdale's actions were not a violation of his constitutional rights. Objection at 10. He argues the allegations, taken as true, can and do form the factual predicate for an Eighth Amendment deliberate indifference claim.

9

1. Additional Facts Alleged in Objection

As a threshold, the Court will note that Christian bases his objection on new factual assertions, which include not only the allegations in his Second Amended Complaint, but also additional assertions, and attached exhibits, raised for the first time in his Objection. Christian candidly admits that these additional factual allegations are "not in the [Second] Amended Complaint." Objection at 17.

Civil Rule 72(b) provides that a "district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). It has generally been held that a district court is not barred from considering evidence submitted for the first time in an objection to a Report. *See Muhammad v. Close*, 798 F. Supp. 2d 869, 875 (E.D. Mich. 2011) ("The Court concludes, therefore, that district courts have discretion to consider evidence first presented after a magistrate judge files a report.") (citing *Muhammad v. Close*, No. 08–1944, slip. op. (6th Cir. Apr. 20, 2009); *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004)). But, while the Court "*may* supplement the record by entertaining additional evidence, [it] is *not required* to do so." *Kesler v. Barris, Sott, Denn & Driker, PLLC*, 482 F. Supp. 2d 886, 890 (E.D. Mich. 2007) (citing 12 Wright, Miller & Marcus, Fed, Prac. and Proc. § 3070.2 (2d Ed. 1997)) (italics added).

The Court will not consider Christian's new factual allegations or the evidence that he has presented for the first time in his Objection for the reason that, as discussed above, courts do not consider evidence beyond the pleadings when deciding a motion to dismiss. Under rule 12(b)(6).Additional evidence to bolster Christian's underlying allegations are unnecessary, as the Report and the Court must presume all his allegations are true. *See*

*Bishop*, 520 F.3d at 519. And to the extent Christian seeks to have the Court consider evidence on the merits, the Court will not convert the motion to dismiss into one for summary judgment. The Report took all of Christian's allegations as true, and found they still did not state a claim for a constitutional violation. The Court will use the same standard in reviewing his objection.

    2. Analysis of the Eighth Amendment Objection

The Court now turns to Christian's objection that the magistrate judge misapplied the relevant Eighth Amendment caselaw in concluding VanAusdale did not commit a constitutional violation. The facts as alleged show that VanAusdale waited five days to respond to Christian's first "urgent" Health Care Request, responded by suggesting Christian only discuss a new pain management plan with his doctor at an appointment several weeks away, and that she responded the same day to Christian's second Health Care Request and scheduled a doctor's appointment for the next three or four days.

The touchstone of an Eighth Amendment prison conditions lawsuit is "deliberate indifference."[4] *Scott*, 577 F.3d at 648. Mere negligence, or even action rising to the level of medical malpractice, though, does not form the grounds for an Eighth Amendment violation. *Kellerman v. Simpson*, 258 F. App'x 720, 725 (6th Cir. 2007). Moreover, the courts are reluctant to question legitimate differences in medical practitioners' judgments about the best treatment options for a prisoner. The rule in *Westlake* is that when "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and

---

[4] Like the Report, the Court will assume for the purposes of this motion that Christian's medical condition is objectively serious.

11

to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5.

Crucially, the baseline for Christian's health during the events in question was not that Christian was receiving no treatment for his medical condition, but that Christian was prescribed Naprosyn and Elavil, as well as having standing Chronic Care appointments with prison doctors that pre-dated the events in question. In this context, VanAusdale was not denying Christian care for a previously untreated condition outright. Rather, she was, as the timing and content of her responses show, making a judgment as to the best way to continue to treat his pain, given the pre-existing medical treatment regime. Thus, the rule in *Westlake* regarding the "adequacy of treatment" is the correct standard of law governing the instant motion. *See id.* ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.").

A conclusion that Christian could, or should, wait until his next Chronic Care appointment to modify his prescription, or that he should visit another doctor only a few days later, without, for example, immediately changing his pre-existing prescriptions or ordering an immediate doctor's appointment, is one of medical judgment. *See Parsons v. Caruso*, 491 F. App'x 597, 607 (6th Cir. 2012) (it was not a constitutional violation for a treating medical professional to defer to previous medical provider's already-prescribed medication plan, even if it resulted in a delay of medication); *Shaffmaster v. Murphey*, No. 99-74096, 2000 WL 246604, at *1 (E.D. Mich. Feb. 23, 2000) (A few days' delay in procuring pain medication "does not constitute a violation of the Eighth Amendment unless there has been deliberate indifference which results in substantial harm.") (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)). Christian's argument that, in hindsight,

12

VanAusdale should have acted faster or in a different manner to address his pain given his allegation that the pain regime was ineffective constitutes a disagreement over what the best follow-up treatment for Christian was at the time. Whether it was the best, or most effective, method of treatment is the decision VanAusdale made, and what Christian disputes. *See Ward v. Smith*, 100 F.3d 958 (6th Cir. Oct. 29, 1996) (unpublished) ("Here, where the plaintiff has been treated[] . . . but disagrees with the efficacy of the treatment, he has, at best, alleged a claim for medical negligence."); *Alspaugh*, 643 F.3d at 169 ("While at multiple points with both injuries [the prisoner] certainly would have desired more aggressive treatment, he was at no point denied treatment."). Under *Westlake*, the Court will not second guess VanAusdale's decision. The Report did not misapply the law of Eighth Amendment deliberate indifference to the facts at hand. Accordingly, Christian has not alleged a constitutional violation, and the Court will overrule his objection.

D. <u>Report's Assumption on Pain Relief</u>

When reciting the facts of the case, the Report stated that although Christian alleged his prescriptions of Naprosyn and Elavil were ineffective at "stopping" his pain, "it would be reasonable to assume [the medications] provided at least some relief." Report at 5. Christian objects to this statement, arguing the assumption represented medical analysis by the magistrate judge that was not founded in medical evidence, Objection at 21, and represents an inference against, not in favor, of him as required by the standards of a motion to dismiss. *Id.* at 22.

Even assuming Christian's medication was ineffective at reducing his pain, he has still not alleged a constitutional violation. Christian argues that his prescribed treatment was ineffective and that he should have been given alternative medication. As discussed above,

13

this is ultimately a dispute over the effectiveness or course of his treatment. The difference is in degree, not kind. *See Catanzaro v. Michigan Dep't of Corr.*, No. 08-11173, 2010 WL 1657872 (E.D. Mich. Feb. 28, 2010) (When Plaintiff "specifically alleges that he was given medications that proved ineffective," this ultimately is a "dispute over the efficacy of his treatment, and expresses disagreement with the medical personnel as to the type of medications that were provided."), *report and recommendation adopted*, No. 08-11173, 2010 WL 1657690 (E.D. Mich. Apr. 22, 2010). To be sure, "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002) (quoting *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir.1989)). But VanAusdale could have properly concluded that Christian's best option was to discuss the problem at his next Chronic Care appointment rather than altering Christian's previously prescribed medication regime immediately, even if Christian alleged the regime was, at the time, ineffective. *See White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (When prison doctor "discontinued [Plaintiff] White's previous course of treatment and prescribed what White considered to be less effective medications," there was no constitutional violation because the "essence of White's allegations was that he disagreed with CMS's and Dr. Abdellatif's approaches to his medical treatment."). Accordingly, for these reasons and the reasons discussed above, Christian has not alleged a constitutional violation. The Court will overrule the objection.

### E. Intentional Interference with Treatment

Christian next argues that the Report failed to consider his claim of intentional interference with treatment against VanAusdale: namely, that VanAusdale interfered with

14

a treatment plan previously prescribed by his pain management doctors by impeding his access to Prison Health Services (by waiting for five days before responding to his request). He argues the Report did not make a finding on this issue. Objection at 23.

The Court concludes that Christian does not state a claim for intentional interference. Deliberate indifference for the purposes of a prison conditions claim can include "intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Intentional interference may occur when a prisoner has been given a specific medical treatment plan, and guards or medical personnel "wantonly" refuse to administer the plan. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1152 (6th Cir. 1991) (Refusing to grant summary judgment because question of fact regarding constitutional injury existed when defendants "refused to provide [plaintiff] with dressings for his wound or to change the dressing on his wound, refused to offer him any treatment for his wound, and refused to give him his prescribed pain medication"); *Hines v. Wilkinson*, 34 F.3d 1068 (6th Cir. Aug. 10, 1994) (unpublished) (Plaintiff "inquired about his prescribed medication every day that he remained in segregation, but that a succession of guards and medical personnel ignored his inquiries."); *see also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("[D]elay of a recommended plan of treatment could constitute a constitutional violation. . . .").

Christian's specific allegation is that VanAusdale interfered with his previously prescribed health plan by denying him access to Prison Health Services for several days. General access to a prison health service is not a treatment regime, though, nor has Christian pointed to any part of his prescribed treatment regime that would have required VanAusdale to send Christian to Prison Health Services in this instance. The standards for

15

an intentional interference claim involve the outright denial of previously prescribed treatment. VanAusdale's actions here did not constitute intentional interference because she did not, by her action or inaction, actually interrupt Christian's previously prescribed treatment regime. She is not, for example, accused of denying Christian access to his previously prescribed Naprosyn and Elavil. *Cf. Hines*, 34 F.3d 1068 (prison officials refused to give plaintiff previously prescribed medication). And, arguably, in choosing not to immediately alter Christian's previously prescribed medication regime, VanAusdale was deliberately *not* interfering with Christian's treatment. VanAusdale's actions, as discussed above, amounted to a difference in opinion as to the best way to treat Christian. Christian's allegations, taken as true, do not state a claim for intentional interference. The Court will overrule the objection.

### F. Violation of MDOC Policy Directive 03.04.100

Christian objects to the Report's conclusion that VanAusdale committed no constitutional violation by allegedly failing to follow MDOC Policy Directive 03.04.100, which, as discussed above, may require medical officials to schedule doctor's appointments in response to "urgent" requests within a day or so of receiving the request. Objection at 24. Christian notes he added to his Second Amended Complaint the fact he marked his request as "urgent" and again argues the magistrate judge erred by not requiring VanAusdale to file a renewed motion to dismiss in response to this. *Id.* (citing Second Am. Compl. ¶ 14).

First, the Report already considered Christian's factual allegation that he marked the request as "urgent" when analyzing the claim. Report at 6 (citing Pl's Resp. to VanAusdale Mot. to Dismiss, ECF No. 58). In any event, Christian still does not state a claim because,

as the Report correctly noted, a failure to comply with a policy directive alone is not a constitutional violation. Policy directives do "not create a protectable liberty interest, but merely establish[] a procedure to be followed." *Id.* (citing *McVeigh*, 52 F.3d 325); *see also Runkle v. Kemen*, 529 F. App'x 418, 425 (6th Cir. 2013) ("[W]hether Dr. Kemen violated a prison regulation is not determinative of whether he violated the Eighth Amendment. . . ."). The new allegations in the Second Amended Complaint do not change this rule. The Court will overrule this objection.

### G. Discovery Evidence and Conversion into Summary Judgment

Christian argues that since he had engaged in discovery and obtained new evidence after the motion to dismiss was filed, the magistrate judge should have converted the motion to dismiss into one for summary judgment and consider the evidence. Objection at 32. But Christian has not put forth, nor does there exist, caselaw standing for the proposition that if evidence is available, a court *must* convert a motion to dismiss into one for summary judgment. To be sure, if a court does consider extrinsic evidence, then it is required to use the standards of a motion for summary judgment. *Kostrzewa*, 247 F.3d at 643-44. But the Report, as discussed above, properly applied the standard of review for a motion to dismiss. There is nothing to require the magistrate judge consider evidence in response to a motion to dismiss, and no error in declining to do so. The Court will overrule the objection.

### H. Whether VanAusdale's Actions Amounted to a "Difference in Treatment"

Christian's final objection is that the magistrate judge erred by concluding that VanAusdale's actions amounted to a "dispute over the adequacy of treatment." Objection at 34. Christian argues VanAusdale's actions actually constituted deliberate indifference

17

to his medical condition. This objection questions the magistrate judge's application of the relevant Eighth Amendment law to the facts alleged. The Court fully addressed this issue above, and will overrule this objection.

## CONCLUSION

Christian's primary objection that the magistrate judge misapplied the relevant Eighth Amendment caselaw is overruled. To the extent Christian argues his Second Amended Complaint merits a new set of briefs or consideration, the Court finds that the Second Amended Complaint does not raise new facts or allegations that change the Report's conclusion that Christian does not allege a constitutional violation. To the extent Christian argues the magistrate judge should have considered additional facts, utilized a different standard of review, or required VanAusdale to respond to the Second Amended Complaint, nothing required the magistrate judge to have done so. Accordingly, the Court will overrule Christian's objections, adopt the Report, and, based on the Report and the above additional discussion, grant VanAusdale's motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report (document no. 97) is **ADOPTED** over Christian's Objections.

**IT IS FURTHER ORDERED** that VanAusdale's motion to dismiss (document no. 56) is **GRANTED**. Defendant VanAusdale is **DISMISSED** from this case.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 20, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2014, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager